NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMILY BARBOSA, : | |
| Plaintiff, : | Civil Action No. 15-3623 (SRC) |
| v. : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, : | |
| Defendant. : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Emily Barbosa ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security benefits, alleging disability beginning January 2, 2001. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on October 3, 2013, and the ALJ issued an unfavorable decision on January 16, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of January 16, 2014, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work, with certain important limitations, particularly the restriction to simple and repetitive jobs.  At step four, the ALJ also found that Plaintiff had no past relevant work.  At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ erred in not following the explicit instructions from the Appeals Council; 2) the ALJ erred in not finding intellectual disability as a severe impairment; and 3) the ALJ erred in his evaluation of Dr. Perdomo's opinion.

As to Plaintiff's first argument, this Court has no jurisdiction to review an ALJ's compliance with the instructions of the Appeals Council.  This Court's statutory authorization to conduct judicial review states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Although opinions commonly speak loosely about reviewing the ALJ's decision, that is technically incorrect: the statute authorizes federal district courts to review final decisions of the Commissioner of Social Security.  This Court has no authority to review the dynamics of the internal decision-making process at the United States Social Security

Administration.

As to Plaintiff's second argument, that the ALJ erred at step two in not finding intellectual disability to be a severe impairment, this cannot be more than harmless error. The ALJ found three other severe impairments at step two, and adding one more to that list would not have had any impact on the outcome of the five-step analysis. The ALJ considered the evidence of intellectual disability at step four; the decision at step two did not prejudice Plaintiff.

The key issue for review is Plaintiff's third argument, that the ALJ erred in his weighting of Dr. Perdomo's opinion. Dr. Perdomo submitted a report, dated August 23, 2010, in which he stated that psychological testing revealed an IQ of 48, and that Plaintiff was mildly mentally retarded. (Tr. 335-36.) At step four, the ALJ considered Dr. Perdomo's report, but gave it "little weight because it is simply not consistent with the weight of the medical evidence." (Tr. 19.) The ALJ appears to have given greater weight to the opinion of the consultative psychiatrist, Dr. Iofin, whose examination report dated December 1, 2010 offered a detailed account of the results of the cognitive examination given to Plaintiff and found no substantial intellectual impairments. (Tr. 340.)

The ALJ was thus presented with two conflicting medical opinions, one from an expert hired by Plaintiff, and one by an expert hired by the Commissioner. The ALJ chose to give greater weight to the opinion of the medical expert hired by the Commissioner. The ALJ's decision that Plaintiff had no substantial intellectual impairments is supported by substantial evidence.

Furthermore, as the Commissioner notes in the opposition brief, Plaintiff's treating physician, Dr. Rosa, did not diagnose her with any intellectual impairments. (Tr. 385.) Also, the

3

state agency reviewer, Dr. Tillman, opined that Dr. Perdomo's IQ results were not credible or consistent with other evidence.  (Tr. 363).  This evidence further supports the ALJ's decision.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER, U.S.D.J.

Dated: August 9, 2016